## Staunton

ROGER ROBERTSON AND BEATRICE McNEIL v.
THE CITY OF HOPEWELL.

September 12, 1930.

Absent, Holt, J.

1010

*Richard H. Mann* and *J. P. Goodman,* for the plaintiff in error.

No appearance for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

Plaintiffs in error, hereafter called defendants, have been convicted under warrants charging them respectively with unlawfully having in possession ardent spirits in violation of the city ordinance of Hopewell. Separate warrants were issued by a magistrate against Frank McNeil, Beatrice McNeil and Roger Robertson. They were tried upon these warrants and convicted, and upon appeal to the corporation court they were tried by a jury and the convictions of Beatrice McNeil and Roger Robertson were sustained.

At the time of the alleged offense Beatrice McNeil lived with her husband, Frank McNeil, on South avenue in Hopewell. She kept a rooming house and had, on an average, eighteen roomers daily. Upon a vacant lot separated by an alley from her lot, was situated a garage. Under the floor of this garage were found by the officers seven half-gallon jars of ardent spirits. Roger Robertson did not reside in the home of Beatrice McNeil, but on the day of the search of the garage was seen by an officer to enter the garage and emerge therefrom with "something" under his coat and enter the house of Beatrice McNeil. The only proof adduced by the city as to the ownership, control or occupancy of the garage was that the car of Beatrice McNeil was in the garage at the time of the search. It was also shown by the city that the defendants had the reputation of being violators of the prohibition law.

The evidence in behalf of the defendant, Beatrice McNeil, which is uncontradicted, conclusively shows that she did not own, rent, or exclusively control the garage within

which the liquor was found; that her only occupancy of the same was in occasionally placing her car in the garage when it was raining; that it was open at all times; that at the time of the search it was being used in part by a contractor for the storage of cement; that it was accessible to people living in the neighborhood, some of whom had utilized it for storage purposes; that it was raining on the afternoon of the search (which occurred at night); and that one of her boys had placed the car in the garage.

The ordinance of the city of Hopewell under which defendants were prosecuted reads as follows:

"Section 7. The possession by any person of ardent spirits at any place other than his permanent *bona fide* home, shall be unlawful and the possession at such home shall be unlawful unless the ardent spirits shall have been lawfully acquired from a person or persons authorized by law to furnish the same, or wine manufactured in the home not in violation of the provisions of the act of the General Assembly approved March 20, 1924. Upon prosecution of a person for the unlawful possession of ardent spirits, such possession shall be *prima facie* evidence of unlawful possession by the person or persons occupying the premises, and the burden shall be upon the accused to satisfy the court or jury trying the case that he lawfully acquired possession of such ardent spirits."

The language of the ordinance is in substance the same language employed in section 4675 (12) of Michie's Code, 1924. This ordinance is the subject of attack by defendants, on the ground that it is violative of the fourteenth amendment of the Federal Constitution. There is no merit in the contention of defendants and it is deemed unnecessary to enter upon a discussion of the relative rights of a citizen under the provisions of the Federal Constitution.

On motion of the city the trial court gave to the jury these instructions:

1. "The court instructs the jury that if you believe from the evidence that the defendant owned, controlled or had any interest whatsoever in the ardent spirits found in the garage mentioned and described in the evidence, you will find them guilty and fix their punishment as prescribed by law.

2. "The court further instructs the jury that if you believe from the evidence that the defendant, or either of them, had control or exercised possession of the garage in which ardent spirits were found, then the finding of said ardent spirits at said garage created a *prima facie* presumption against said person controlling or having possession of said garage, and the burden is upon them to show that he did not have said ardent spirits in possession."

This action of the court was duly excepted to and constitutes the second assignment of error. We are of opinion that this assignment of error is well founded. The instructions tell the jury that if the defendants, or either of them, had control or exercised possession of the garage in which the liquor was found, then the mere finding of the liquor therein created a *prima facie* presumption against them and cast upon them the burden of showing that they did not have the ardent spirits in possession. The words "control or possession" are not incorporated in the ordinance, or in the statute upon which the ordinance is based.

While it is true that upon a charge of unlawful possession of ardent spirits an owner, tenant or other person may be convicted when it is shown that they sustain such relation to or such control of the premises upon which the spirits are found as to show guilty knowledge, this rule of law has no reference to the burden of proof cast upon a defendant by the provisions of the ordinance or statute under review. The language of the statute is restrictive in its terms. When contraband liquor is found

at any place other than a permanent *bona fide* home, then, in order for the statute to apply, the burden is upon the Commonwealth to show that the person charged with the unlawful possession thereof was occupying the said premises at the time. When this is done, then, by virtue of the statute, a *prima facie* presumption arises that the ardent spirits are unlawfully possessed. Upon the accused then devolves the burden of satisfying the judge or jury trying the case that he lawfully acquired possession of the contraband liquors.

In our opinion, the case at bar is ruled by the doctrine laid down by Chief Justice Prentis in *Hilton's Case*, 136 Va. 725, 117 S. E. 840, 842. In that case it is said:

"It is apparent * * * that this conviction cannot be sustained unless the *prima facie* presumption created by section 28, Acts 1918, page 599, is applicable. That the trial court was of opinion that this presumption should be applied is apparent from the instruction which was given over the objection of the prisoner in these words:

" 'The court instructs the jury that the finding of ardent spirits in any room, building or other place searched by an officer under the provisions of the prohibition law of Virginia, shall be *prima facie* evidence of the unlawful keeping or having the same by the person occupying the premises.'

"We are of opinion that this indicates an erroneous construction of section 28. It applies to the 'person or persons occupying such premises,' for this is the limiting language used in the section. Such a person may be the owner, the tenant, or some other, who at trial sustains a relation to the premises with immediate control thereof which is so intimate as to show occupancy and hence to suggest guilty knowledge that such contraband whiskey was there and held for an illegal purpose. Such an one being in actual possession and control usually does know what is on his premises, and can require the removal of everything to

which he objects. Because of the difficulty of identifying the guilty agent, the General Assembly has created the presumption. That this presumption is so limited is again indicated in the subsequent clause which directs the prosecution of the 'proprietor or other person in charge of the premises where such ardent spirits are found.' The word. 'proprietor' when considered in connection with the context, should not in this statute, imputing crime, be construed to include an owner or any other who is neither an occupant nor one who is in charge of the premises. The manifest purpose of this statute would be defeated if extended to include owners who are not in actual possession of the premises. It is intended to promote the conviction of those who are guilty, but to extend the presumption further will make it easy to convict the innocent. Many owners of lands do not occupy them, and the reason for the statute fails as to those who are not occupants of their lands."

Our conclusion is to reverse the respective judgments entered against Beatrice McNeil and Roger Robertson, and remand the case for a new trial if the city be so advised.

*Reversed.*